## EFFECT OF FAILURE OF TAX-PAYER TO REQUEST THAT ACTION BE BROUGHT.

Circuit Court of Columbiana County.

W. L. SHARP ET AL V. VILLAGE OF CADIZ, OHIO, ET AL.

Decided, 1907.

*Tax-Payer's Action Against Village—No Village Solicitor.*

An action can not be maintained by a tax-payer against a village, under favor of Section 1536-668, Revised Statutes, where the petition fails to show a request upon the village solicitor or any other official to bring the action and his refusal or neglect so to do, even though the village has no solicitor.

HENRY, J.; TAGGART, J., concurs.

It is so perfectly manifest from the face of the petition which is filed here from the notice which was served upon the mayor and addressed to the mayor and solicitor of this municipal corporation that the notice in question referred to a proposed action by the village of another and different sort from that here sought to be enjoined as indicated by the prayer of the petition, that it becomes necessary to determine whether, under the circumstances of this case, any notice to or request of the village solicitor is prerequisite to the maintenance of an action of this character.

Ordinarily it may be said unhesitatingly that, under the statute, such request must be made and refused, or at least unacted on, before such an action as this can be maintained under Section 1778, Revised Statutes, now 1536-668. This section provides:

"In case he shall fail," that is, the village solicitor, "upon the request of any tax-payer of the corporation to make application provided for in the preceding section, it shall be lawful for such tax-payer to institute suit for such purpose in his own name, on behalf of the corporation; provided, that no such suit or proceeding shall be entertained by any court until such request shall have first been made in writing; and further, provided that no such suit or proceeding shall be entertained by any court until such tax-payer shall upon motion of the solicitor or corporation counsel have given security for the costs of the proceeding."

Now, it is said here, that inasmuch as there was no village solicitor, as is alleged in the petition, at the time this action was brought, no such request was possible, and therefore, no such request was necessary.

The Supreme Court has seemingly expressed itself upon this subject in the case of *Brundage* v. *Village of Ashley et al*, 62 O. S., 526. The syllabus of that case is:

"In an action brought by a tax-payer under Sections 1777, 1778 and 1779, Revised Statutes, where a village has no solicitor, the plaintiff is not entitled to have included in the costs allowed to him, compensation to his attorney."

The opinion in the case is *per curiam,* and therefore is entitled to the same weight as the syllabus.

This language is used by the court:

"If there is a solicitor and no such request is made upon him, there can be no compensation for the attorney included in the costs allowed to plaintiff, and if there is no solicitor the same result must follow, because it is the request and refusal that warrants the allowance of such fees.

"The fact that there is no such solicitor does not have the legal effect to make it unnecessary to first make such request."

Now, there is nothing in this *per curiam* which seems to modify the force and effect of that last statement. Whether

a request made upon some other officer than the city solicitor if there be no such officer as city solicitor, would be a sufficient basis for this action, or an action of this sort or whether, upon failure of the municipal corporation to have any such officer, the statutory action provided for in these sections can not be brought at all, is another question, which it is not necessary for us to decide.   Suffice it to say that no attempt was made to serve any sort of notice upon any officer of the municipal corporation in respect to the cause of action which is asserted in this petition, and inasmuch as the Supreme Court has said clearly that the service of such notice is prerequisite to the beginning of and maintenance of any such action, we fail to see how there is any proper action before us.

The petition will therefore be dismissed.